AMIR NASSIHI, State Bar. No. 235936
anassihi@shb.com
SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco, California 94105
Tel: (415) 544-1900 | Fax: (415) 391-0281

HARLEY V. RATLIFF (*Pro Hac Vice*)
hratliff@shb.com
JON STRONGMAN (*Pro Hac Vice Forthcoming*)
jstrongman@shb.com
TORREY M. PETERSON (*Pro Hac Vice*)
tpeterson@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Tel: (816) 474-6550 | Fax: (816) 421-5547

Attorneys for Defendants
SANOFI-AVENTIS U.S. LLC
and SANOFI U.S. SERVICES INC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| TERESA VEGA,<br><br>            Plaintiff,<br><br>      v.<br><br>SANOFI US SERVICES, INC., et al.,<br><br>            Defendants. | Case No. 2:21-cv-00730-TLN-DB<br><br>**DEFENDANTS SANOFI-AVENTIS U.S. LLC AND SANOFI US SERVICES INC.'S UNOPPOSED MOTION TO STAY PROCEEDINGS**<br><br>The Honorable Troy L. Nunley<br><br>Date: January 13, 2022<br>Time: 2:00 p.m.<br>Location: Courtroom 2, 15th Floor |

# NOTICE OF MOTION TO STAY PROCEEDINGS
# TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on January 13, 2022 at 2:00 p.m., or as soon thereafter as may be heard, in the above-referenced Court, located at 5011 I Street, Sacramento, CA 95814, Courtroom 2, 15th Floor, before the Honorable Troy L. Nunley of the U.S. District Court for the Eastern District of California, Defendants Sanofi US Services, Inc. f/k/a Sanofi-Aventis U.S., Inc. and Sanofi-Aventis U.S., LLC ("Sanofi") will and hereby do move this Court for an order staying proceedings in this case pending the decision by the Judicial Panel on Multidistrict Litigation ("JPML") on plaintiff Jade Porter's recently filed Motion for Transfer of Related Actions Pursuant to 28 U.S.C. § 1407 for Coordinated Pretrial Proceedings.

DATED: December 6, 2021

Respectfully submitted,
SHOOK HARDY & BACON L.L.P.

By: */s/ Amir Nassihi*
   Amir Nassihi
   Harley Ratliff (admitted *Pro Hac Vice*)
   John Strongman (*Pro Hac Vice forthcoming*)
   Torrey Peterson (admitted *Pro Hac Vice*)

   Attorneys for Defendants
   SANOFI-AVENTIS U.S. LLC
   and SANOFI U.S. SERVICES INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  STATEMENT OF THE ISSUES TO BE DECIDED

Defendants Sanofi-Aventis U.S. LLC and Sanofi U.S. Services Inc. ("Sanofi") respectfully request this Court enter the accompanying Proposed Order staying proceedings in this case pending the decision by the Judicial Panel on Multidistrict Litigation ("JPML") on plaintiff Jade Porter's recently filed Motion for Transfer of Related Actions Pursuant to 28 U.S.C. § 1407 for Coordinated Pretrial Proceedings.  (Exhibit A).[1]  Plaintiff Teresa Vega does not oppose Sanofi's motion.  Ms. Porter's Motion for Transfer seeks to consolidate the claims of six plaintiffs who received the chemotherapy medication Taxotere (docetaxel) and allegedly developed permanent eye damage.  (Ex. A at 1).[2]  Granting a brief stay of this action pending the JPML's decision of Ms. Porter's Motion for Transfer will prevent potentially unnecessary and duplicative proceedings, avoid the possibility of disparate rulings on legal issues, and conserve both this Court and the parties' time and resources.  Indeed, Judge Edward Chen in the Northern District of California has already granted a stay in two related matters, *Estell v. Sanofi US Services Inc., et al.* (N.D. Cal., 3:21-cv-02749-EMC) (Order attached as Exhibit B) and *Porter v. Sanofi US Services Inc., et al.* (N.D. Cal., 3:21-cv-01891-EMC) (Order attached as Exhibit C).

## II.  PROCEDURAL BACKGROUND

Plaintiff filed her First Amended Complaint in the Eastern District of California on July 30, 2021.  (Dkt. 13).  Plaintiff alleges that Sanofi failed to adequately warn physicians that permanent punctal, canalicular, and/or nasolacriminal duct stenosis are potential side effects of Taxotere—a chemotherapy drug made by Sanofi, which Plaintiff received to treat her breast cancer.  Plaintiff alleges that she suffers from excessive tearing as a result.

---

[1]  Exhibit A includes the Motion for Transfer, Schedule of Actions, and Proof of Service, but not the exhibits due to size.

[2]  Specifically, Ms. Porter seeks to consolidate the following actions: *Porter v. Sanofi US Services Inc., et al.* (N.D. Cal., 3:21-cv-01891-EMC); *Estell v. Sanofi US Services Inc., et al.* (N.D. Cal., 3:21-cv-02749-EMC); *Cone v. Sanofi US Services Inc., et al.* (D. Ariz., 2:21-cv-00689); *Hamilton-Moews v. Sanofi US Services Inc., et al.* (C.D. Cal., 5:21-cv-00718); *Vega v. Sanofi US Services Inc., et al.* (E.D. Cal., 2:21-cv-00730); and *Burns v. Sanofi US Services, Inc. et al.* (C.D. Cal., 2:21-cv-08964).

Plaintiff's case is one of six cases filed in the last 10 months where the plaintiff alleges that she experienced permanent damage to her lacrimal system after receiving Taxotere.  Currently, two cases are pending in the Northern District of California; two are pending in the Central District of California; one is pending in the Eastern District of California; and one is pending the District of Arizona.  Sanofi has filed motions to dismiss in five of the six cases.[3]  Sanofi's motions to dismiss raise both issues specific to each individual plaintiff as well as issues applicable to all six plaintiffs, including federal preemption, label adequacy, and allegations of fraud.

On December 1, 2021, Ms. Porter filed a Motion for Transfer of Related Actions Pursuant to 28 U.S.C. § 1407 for Coordinated Pretrial Proceedings to the JPML.  Ms. Porter's Motion for Transfer requests that the JPML consolidate the six pending cases (and "dozens" of anticipated future cases) for pretrial proceedings.  (Ex. A at 3).  Ms. Porter asserts that transfer of the cases will "allow for coordinated discovery efforts aimed at the adequacy of the drug warning label and Sanofi's knowledge thereof, as well as coordinated motion practice related to any defenses Sanofi may raise that will largely be generally applicable to all cases."  (*Id.* at 5).  Ms. Porter also asserts that transfer will "eliminate duplication in discovery and discovery rulings, avoid conflicting rulings on the merits, avoid conflicting schedules, reduce litigation costs, and save time and effort of the parties, the attorneys, the witnesses, and the courts."  (*Id.* at 6).

The parties in this case—as well as any other interested parties—will complete briefing on Ms. Porter's Motion for Transfer one month before the JPML's next hearing on January 30, 2022.  As such, it is anticipated that the JPML will likely address the Motion for Transfer at that hearing and shortly thereafter decide whether to consolidate these cases for multidistrict litigation.

### III.   ARGUMENT

A federal court's authority to stay proceedings is well-established. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself,

---

[3] Sanofi has not yet filed a motion to dismiss in *Burns v. Sanofi US Services, Inc. et al.* (C.D. Cal., 2:21-cv-08964) because Ms. Burns served Sanofi with a copy of the Complaint on November 30, 2021, and its responsive pleading is therefore not due until January 28, 2022.

for counsel, and for litigants."). When considering a motion to stay pending a JPML transfer, courts assess "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Id.* at 1360. All three factors weigh in favor of a stay here.

### A. A Stay Will Not Prejudice Plaintiff.

Plaintiff does not oppose staying proceedings pending the JPML's decision on Ms. Porter's Motion to Transfer. Where the non-moving party does not argue that it will face potential prejudice, the court may disregard this factor. *See Rivers*, 980 F. Supp. at 1360 (foregoing any analysis of the first factor where "Defendant has not argued that it would be prejudiced if this Court granted Plaintiffs' motion to stay"); *see also Willems v. Johnson & Johnson*, 2020 WL 6140301, at *2 (C.D. Cal. Apr. 29, 2020) (no meaningful prejudice where "Plaintiffs have not opposed Defendants' motion to stay"). Because Plaintiff does not oppose Sanofi's Motion to Stay, and thus will not argue she faces any potential prejudice, this factor weighs in favor of a stay.

Even if Plaintiff were to oppose this motion, no prejudice exists to Plaintiff because this case is still in its initial stages and the stay will likely be brief. *Willems*, 2020 WL 6140301, at *2; *Barber v. Volkswagen Grp. of Am., Inc.*, 2015 WL 13413345, at *2 (C.D. Cal. Nov. 30, 2015) (stay would cause minimal prejudice where "cases are still in their nascent stages and the stay will likely not be for a significant period of time"). Plaintiff filed her First Amended Complaint less than five months ago, and the parties are still in the very early stages of the case, including litigating the sufficiency of the pleadings. Further, the parties will complete briefing on Ms. Porter's Motion for Transfer one month before the JPML's next hearing on January 30, 2022, and Sanofi anticipates that the JPML will address Ms. Porter's Motion to Transfer at that time. Should the JPML determine that consolidation is not appropriate, the proceedings in this case may proceed immediately thereafter. As a result, a brief stay will not prejudice Plaintiff.

### B. Sanofi Would Suffer Hardship and Inequity if the Action Is Not Stayed.

Absent a stay pending the JPML's decision on Ms. Porter's Motion for Transfer, Sanofi faces "the prospect of inconsistent rulings if it [is] forced to litigate the same issues in multiple forums." *Ernyes-Kofler v. Sanofi S.A.*, 2017 WL 813506, at *2 (N.D. Cal. Mar. 2, 2017) (collecting cases); *Jones v. Sanofi US Servs. Inc.*, 2018 WL 6842605, at *2 (C.D. Cal. Nov. 19, 2018); *Palmer v. Am. Honda Motor Co.*, 2008 WL 54914, at *1 (D. Ariz. Jan. 3, 2008) (granting stay and explaining that a "stay will avoid hardship and inequity to the moving [defendants] that could arise from inconsistent . . . rulings in the various districts"). Here, plaintiffs have filed six different actions in multiple district courts. In five of the six cases, Sanofi has filed motions to dismiss. Each motion to dismiss addresses central factual and legal arguments across all plaintiffs, including federal preemption, label adequacy, and each plaintiff's failure to satisfy Rule 9(b)'s heightened pleading standard for fraud and negligent misrepresentation claims (which rest on the same allegations). As a result, a brief stay will avoid potential inconsistent rulings while the JPML decides whether to grant or deny Ms. Porter's Motion for Transfer.

Additionally, there is a serious risk of inconsistent discovery rulings if the cases proceed without a stay in place. A scheduling order and dispositive motion deadline has already been entered in one of the six cases (*Cone*), and Sanofi anticipates scheduling orders will soon be entered in the remaining cases absent a stay. If the cases proceed without stays in place, discovery will continue and disputes concerning discovery will be heard by different district courts. The specter of inconsistent discovery rulings, especially as to the scope of permissible discovery, imposes a very real risk of hardship and inequity on Sanofi and Plaintiffs. Proceeding absent a stay also risks duplicating efforts if the JPML grants consolidation.

The JPML has already set the briefing schedule for Ms. Porter's Motion for Transfer, under which all briefing will be complete by December 30, 2021. Sanofi anticipates that the JPML could hear Ms. Porter's Motion at the January 30, 2022 conference. The short time remaining before the JPML likely rules on the Motion to Transfer further weighs in favor of staying this action to avoid the risks of duplicative discovery and disparate rulings on motions in the interim.

**C. A Stay Pending the JPML's Consolidation and Transfer Decision Would Conserve Judicial Resources and Promote Consistency.**

"Preservation of judicial resources is a primary factor to consider in evaluating a motion to stay proceedings pending a transfer to an MDL court." *Jones v. Bristol-Myers Squibb Co.*, 2013 WL 3388659, at *2 (N.D. Cal. July 8, 2013) (granting a stay and deferring consideration of a remand motion pending the JPML's final transfer decision). Thus, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL panel because of the judicial resources that are conserved." *Rivers*, 980 F. Supp. at 1362. The same result should follow here.

The primary purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common facts in a just and efficient manner. *See* 28 U.S.C. § 1407. A stay of these proceedings pending the JPML's transfer decision will "further the interest in judicial economy that underlies the MDL statute" because the Court will avoid exerting time and effort on an action that, if consolidated and transferred, it most likely will never see again. *See In re Vioxx Prod. Liab. Cases*, 2005 WL 6573263, at *2–3 (S.D. Cal. July 11, 2005). If this case is consolidated, "the Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Rivers*, 980 F. Supp. at 1360. And any efforts concerning case management "will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." *Id*. at 1361; *see also U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) ("[E]fforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation.").

As previously discussed, absent a stay, the parties also face potential inconsistent rulings regarding the factual and legal questions presented in Sanofi's five motions to dismiss currently pending in four different federal districts. If the JPML grants Ms. Porter's Motion for Transfer, "the time and energy that this Court would devote to any rulings it might make regarding [the legal issues in the motion to dismiss] could be for naught if this action is transferred to another court and that

court modifies or vacates any of this Court's orders." *Rivers*, 980 F. Supp. at 1361; *Freitas v. McKesson Corp.*, 2012 WL 161211, at *2 (N.D. Cal. Jan. 10, 2012) ("[T]he Court finds that granting a stay in this case . . . would also eliminate the possibility of this Court issuing a ruling inconsistent with the MDL court's.").

Granting a stay pending the JPML's decision is therefore warranted to avoid the risk of inconsistent rulings and prevent the waste of judicial resources. *See Rivers*, 980 F. Supp. at 1362 ("[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved."). And if the JPML decides that consolidation is not appropriate, then Plaintiff's case may proceed with pretrial management and motion practice after minor delay. This primary factor greatly favors a stay.

## IV. CONCLUSION

For the foregoing reasons, Sanofi respectfully requests that this Court grant its Unopposed Motion to Stay Proceedings in this case pending the decision by the JPML on Ms. Porter's Motion for Transfer of Related Actions Pursuant to 28 U.S.C. § 1407 for Coordinated Pretrial Proceedings.

DATED: December 6, 2021

Respectfully submitted,

SHOOK HARDY & BACON L.L.P.

By: */s/ Amir Nassihi*
Amir Nassihi
Harley Ratliff (*Pro Hac Vice*)
Jon Strongman (*Pro Hac Vice* forthcoming)
Torrey Peterson (*Pro Hac Vice*)

Attorneys for Defendants
SANOFI-AVENTIS U.S. LLC
and SANOFI U.S. SERVICES INC.